UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CARLOS A. CANTU and KRISTINA M. GIL, | § § § |
| Plaintiffs, | § § |
| VS. | § § CIVIL ACTION NO. 7:21-cv-00202 § |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and ELIZABETH RICKABY, | § § § § |
| Defendants. | § |

## OPINION AND ORDER

The Court now considers the parties' "Joint Motion to Remand"[1] and "Plaintiffs' Opposed Motion to Remand."[2] After considering the motions, record, and relevant authorities, the Court **GRANTS** the motions and **ORDERS** remand to state court.

### I. BACKGROUND AND PROCEDURAL HISTORY

On or about July 25, 2020, Hurricane Hanna allegedly damaged Plaintiffs Carlos A. Cantu's and Kristina M. Gil's home.[3] On April 7, 2021, Plaintiffs commenced their case in state court against Defendants Allstate Vehicle & Property Insurance Company and adjuster Elizabeth Rickaby for allegedly breaching Plaintiffs' insurance policy, violating Texas insurance law, and for a civil conspiracy to underpay Plaintiffs' insurance claim.[4] Service of process was issued on April 15th, but it is unclear when it was executed.[5] Only Defendant Allstate Vehicle and

---

[1] Dkt. No. 9.
[2] Dkt. No. 6.
[3] Dkt. No. 1-1 at 2.
[4] Dkt. No. 1-4.
[5] Dkt. No. 1-5.

Property Insurance Company answered in state court on May 17th.[6] Also on May 17th, Defendant Allstate elected to subsume all legal liability for Defendant Rickaby pursuant to Texas Insurance Code § 542A.006(a) and moved for her dismissal in state court.[7] On May 20th, Defendant Allstate removed to this Court.[8] The state court did not rule on Defendant Rickaby's dismissal.[9]

Plaintiffs filed their opposed motion to remand on June 9th.[10] On the day of the response deadline,[11] Plaintiffs filed the instant "Joint Motion to Remand" indicating that Defendants do not oppose remand to state court.[12] Thus, the issue of remand is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a. Legal Standard

The Court must police its own subject matter jurisdiction on its own initiative.[13] It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[14] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[15] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[16] While the Court has jurisdiction to

---

[6] Dkt. No. 1-6.
[7] Dkt. No. 1-7.
[8] Dkt. No. 1.
[9] *See* Dkt. No. 1-9.
[10] Dkt. No. 6.
[11] *See* LR7.4.A.
[12] Dkt. No. 9.
[13] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
[14] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[16] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)

determine its jurisdiction,[17] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[18] It is also a "long-standing canon of statutory interpretation that removal statutes are to be construed strictly against removal and for remand"[19] so "any doubt as to the propriety of removal should be resolved in favor of remand."[20]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different state from each plaintiff[21] and the amount in controversy exceeds $75,000.[22] When the amount in controversy is at issue, the Court makes an arithmetical assessment of the claims and values at issue as of the moment of removal; subsequent events which purport to change the amount in controversy do not oust the Court's jurisdiction.[23] The Court determines its jurisdiction by considering the plaintiff's claims as they existed at the time of removal.[24] The party invoking federal diversity jurisdiction "bears the burden of establishing the amount in controversy by a preponderance of the evidence."[25] If the plaintiff claims a specific amount in the complaint, the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith."[26] In other words, "where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether

---

[17] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

[18] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[19] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).

[20] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).

[21] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[22] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

[23] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

[24] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *see Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal").

[25] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

[26] *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quotation omitted).

the amount in controversy was likely to exceed" the requisite $75,000.[27] However, a plaintiff's

bare allegations do not "invest a federal court with jurisdiction."[28] The Fifth Circuit explained,

> [w]hile a federal court must of course give due credit to the good faith claims of
> the plaintiff, a court would be remiss in its obligations if it accepted every claim
> of damages at face value, no matter how trivial the underlying injury. This is
> especially so when, after jurisdiction has been challenged, a party has failed to
> specify the factual basis of his claims. Jurisdiction is not conferred by the stroke
> of a lawyer's pen. When challenged, it must be adequately founded in fact.[29]

Therefore, when a plaintiff challenges a defendant's assertion that the amount in controversy

exceeds $75,000, the defendant must set forth evidence of the amount in controversy.[30] "In order

to remain in federal court, the removing party must prove by a preponderance of the evidence

that the jurisdictional minimum exists."[31] The removing defendant can meet its burden if it

shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition

that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth

'summary judgment type evidence' of facts in controversy that support a finding of the requisite

amount"[32] such as "affidavits and deposition testimony."[33] If the removing party carries its

---

[27] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[28] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *abrogated on other grounds*, 544 U.S. 431 (2005).

[29] *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

[30] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B) & H.R. REP. NO. 112-10 at 16 (2011)).

[31] *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see Scarlott*, 771 F.3d at 888 (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).

[32] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen*, 63 F.3d at 1335 (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

[33] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[34]

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[35] For example, when ascertaining the amount in controversy under an insurance policy, the amount may include the policy limits, potential attorneys' fees, penalties, statutory damages, and punitive damages, but not interest or costs.[36]

### b. Analysis

In Defendant Allstate Vehicle and Property Insurance Company's Notice of Removal, Defendant asserts, among other things, that the amount in controversy exceeds $75,000.[37] In Plaintiffs' opposed motion to remand, Plaintiffs argue only that Defendant has not shown that the amount in controversy exceeds $75,000, without challenging Defendant's other arguments regarding diversity jurisdiction.[38] In the joint motion, Plaintiffs and Defendant agree to remand because of Plaintiffs' binding stipulation that they will not seek or accept over $75,000 exclusive of interests and costs.[39]

The Court first notes that "Plaintiff[s'] post-removal affidavit and stipulation for damages less than $75,000 . . . [do] not divest the district court's jurisdiction."[40] It is well-established that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable

---

[34] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").
[35] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).
[36] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & nn.6–7 (5th Cir. 1998).
[37] Dkt. No. 1 at 8–9, ¶¶ 19–21.
[38] Dkt. No. 6 at 3, ¶ 6.
[39] Dkt. No. 9 at 1, ¶ 1.
[40] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

below the statutory limit do not oust jurisdiction."[41] However, Defendant bears the burden of establishing federal jurisdiction[42] and "any doubt as to the propriety of removal should be resolved in favor of remand."[43] Although Defendant's Notice of Removal argues that the amount in controversy is greater than $75,000, the largest specific sum Defendant calculates is only $64,188.85 (arguably increased over the threshold by "further" losses occasioned by Defendant's alleged wrongdoing).[44] Furthermore, Plaintiffs' pre-suit demand letter claimed only $41,461.27 in damages.[45] Lastly, Plaintiffs' opposed motion to remand argues that Defendant miscalculated damages under Texas law and that "[t]he evidence shows a total of $40,798.41 in recoverable damages."[46] When challenged by Plaintiffs' argument that Defendant miscalculated the amount in controversy under Texas law, Defendant simply agrees to remand.[47] Although not controlling, the Court may consider the stipulation[48] as "strong evidence of the jurisdictional amount for present purposes."[49]

Accordingly, the Court does not find that Defendant has carried its burden of demonstrating that the amount in controversy exceeds $75,000. The Court resolves doubts regarding the amount in controversy in favor of remand. The Court therefore **GRANTS** Plaintiffs' motions to remand[50] and **REMANDS** this case to the 464th Judicial District Court of Hidalgo County. Each party is to bear its own costs. This case is terminated in federal Court and the Clerk of the Court is instructed to close the case.

[41] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938).
[42] *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).
[43] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[44] Dkt. No. 1 at 8–9, ¶¶ 20–21.
[45] Dkt. No. 1-1 at 4.
[46] Dkt. No. 6 at 5, ¶ 10.
[47] Dkt. No. 9 at 1–2.
[48] *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1045 (W.D. Tex. 2010) (Biery, C.J.) ("[T]he Court may consider a post-removal stipulation to clarify the ambiguity by determining the amount which was in controversy as of the date of removal."); *accord Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 538 (W.D. Tex. 2016) (Guaderrama, J.).
[49] *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 275 (E.D. La. 2008).
[50] Dkt. Nos. 6, 9.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of July 2021.

_____
Micaela Alvarez
United States District Judge